**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JULIO CESAR LARA MERAZ,

      Petitioner,

v.                                                                                     No. 26-cv-0548-MIS-GJF

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director Immigration and Customs Enforcement; CURRENT SECRETARY, U.S. Department Of Homeland Security; AND PAMELA BONDI, U.S. Attorney General,

      Respondents,

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Julio Cesar Lara Meraz's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 24, 2026.

On March 10, 2026, the federal Respondents filed a Response to the Petition.  ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to <u>Duhan v. Noem</u>, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), <u>id.</u> at 2, and that "this Court's decision in <u>Duhan v. Noem</u>, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention[,]" <u>id.</u>  Nevertheless, Counsel argues that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  <u>Id.</u> at 2-3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, ECF No. 1 is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Julio Cesar Lara Meraz from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents **SHALL RETURN** to Petitioner all personal belongings seized from Petitioner and provide him with all necessary documents sufficient to board and travel by commercial domestic air;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing

2

before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5.　　Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release;

6.　　The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3